United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 20-1260**

**September Term, 2021**

FILED ON: MARCH 23, 2022

HOLY CROSS ELECTRIC ASSOCIATION, INC., D/B/A HOLY CROSS ENERGY,
PETITIONER

v.

FEDERAL ENERGY REGULATORY COMMISSION,
RESPONDENT

XCEL ENERGY SERVICES INC.,
INTERVENOR

Consolidated with 20-1494

On Petitions for Review of Orders of the
Federal Energy Regulatory Commission

Before: SRINIVASAN, *Chief Judge*, TATEL, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*.

**J U D G M E N T**

This case was considered on the record from the Federal Energy Regulatory Commission ("Commission"), and on the briefs and oral arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED** and **ADJUDGED** that the petitions for review be denied.

In this case, the Commission issued a declaratory order ruling that Holy Cross Electric Association, Inc. ("Holy Cross") "is not entitled to firm transmission service to deliver [E]conomy [E]nergy" across an integrated transmission system in Colorado. *Public Service Company of Colorado*, 170 FERC ¶ 61,294, at 63,067 (2020). Holy Cross filed a request for rehearing that was deemed denied, after which the Commission, in its rehearing order, reiterated that Public Service Company of Colorado ("PSCo") "is not obligated to provide firm transmission service" for Holy

Cross's Economy Energy purchases. *Public Service Company of Colorado*, 173 FERC ¶ 61,044, at 61,243 (2020). Holy Cross challenges the Commission's rulings, arguing that it unreasonably interpreted the three documents central to this case: the Amended and Restated Power Supply Agreement ("Power Supply Agreement"), the Operating Agreement for Scheduling and Accounting for Economy Energy Purchased by Holy Cross Electric Association ("Operating Agreement"), and the Transmission Integration and Equalization Agreement ("Transmission Agreement"). We disagree.

The Power Supply and Operating Agreements both make clear that Economy Energy is interruptible. Power Supply Agreement section 5.4 states that PSCo "may interrupt an Economy Energy purchase scheduled by Holy Cross if continuation of the schedule would necessitate taking a generating unit off-line." And Operating Agreement section 3.5 states that Economy Energy can be curtailed "due to emergency operating conditions, including transmission constraints, or when continued scheduling of Economy Energy would prevent firm power transactions." Holy Cross argues that the Transmission Agreement nonetheless entitles it to firm transmission of Economy Energy. Holy Cross, however, has failed to demonstrate that the Commission's interpretation of the three agreements together is unreasonable. *See Texaco Inc. & Texaco Gas Marketing Inc. v. FERC*, 148 F.3d 1091, 1095 (D.C. Cir. 1998) ("We will also defer to the agency's reasonable interpretation both of its own regulations and of contracts that are subject to its rules.").

Holy Cross also argues that it is entitled to firm transmission of its renewable Economy Energy purchases because PSCo provides firm transmission of renewable energy to its native loads, and Transmission Agreement section 4.2 "obligates PSCo to treat Holy Cross's use of the Integrated Transmission System comparably to the way PSCo uses it to serve its own retail loads." Pet'r's Br. 45. As the Commission reasonably determined, however, the "equivalency" requirement for use of the transmission grid does not overcome Holy Cross's other freely negotiated contract obligations stating plainly that its Economy Energy purchases are interruptible. Although Holy Cross makes several additional arguments, none demonstrates any deficiency in the Commission's order.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk